IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 01-cr-40045-JPG |
| ) | |
| LORENZLE MUNTEZ COLEMAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Doc. 89).

On February 14, 2008, the Court entered Administrative Order 102 appointing counsel for the defendant in response to an earlier Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense filed by the defendant. As such the defendant is represented by the Federal Public Defender. "The right to representation by counsel and self-representation are mutually exclusive." *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir.1992). So-called "hybrid representation" confuses and extends matters at trial and in other proceedings and, therefore, it is forbidden. *See United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir.2001).

In this case, the defendant has been granted representation by the Federal Public Defender. He is free to consult with his attorney in order to ensure that the Court is fully informed as to the specifics of his case and in order to ensure that the appropriate motions are filed. However, the Court will strike *pro se* motions by the defendant so long as he is represented by counsel.

Therefore, the Court **ORDERS** the defendant's *pro se* motion (Doc. 89) be **STRICKEN** from the record.

**IT IS SO ORDERED.**
**Dated: February 29, 2008**

                                                                           s/ J. Phil Gilbert
                                                                           **J. PHIL GILBERT**
                                                                           **U.S. District Judge**