UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LORENZLE MUNTEZ COLEMAN,<br><br>    Defendant. | Case No. 01-cr-40045-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on defense counsel's Motion to Withdraw and "No Merits" Statement (Doc. 113). Following his guilty plea in this matter, Defendant Lorenzle Coleman filed a Motion for Reduction (Doc. 84) of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10. The Court thereafter appointed the Federal Public Defender to Coleman's cause. Coleman's counsel eventually filed the instant motion, wherein she argues, *inter alia*, that any reduction would now be moot as Coleman is currently on supervised release. Despite the allowance of a response period by this Court, (Doc. 114), Coleman did not respond to defense counsel's motion and the Government did not respond to the motion of Coleman or defense counsel.

Coleman pled guilty to one count of conspiracy to distribute and possess with intent to distribute 1.5 kilograms or more of a mixture containing crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Coleman's relevant conduct yielded a base offense level of 38. Coleman's base offense level was reduced by 3 points under U.S.S.G. § 3E1.1 for acceptance of responsibility. Considering Coleman's criminal history category of II, this yielded a sentencing range of 188 to 235 months in prison. Ultimately, the Court imposed a sentence of

188 months.  This sentence was subsequently reduced to 125 months pursuant to a Rule 35 reduction.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (2006).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied* 129 S. Ct. 2817 (2009).

Here, the Court need not address either criterion.  Custody is a prerequisite to reduction analysis.  Since Coleman has served his term of imprisonment and is currently serving his term of supervised release, any request or finding of reduction would be moot.

Accordingly, the Court **DENIES** Coleman's Motion for Reduction (Doc. 84) and **GRANTS** defense counsel's Motion to Withdraw (Doc. 113).

**IT IS SO ORDERED.**
**DATED: September 24, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
